UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISO MERINO, | No. 2:22-cv-0520 DB P |
| Plaintiff, | |
| v. | ORDER |
| ST. JOAQUING GN. HOSPITAL, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis. Plaintiff has not submitted his in forma pauperis request on a proper form as he appears to have used the in forma pauperis form for the Central District of California.

Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) will be denied, and plaintiff will be granted thirty days to submit a new request on a proper form. Plaintiff is cautioned that the form includes a section that must be completed by a prison official, and the application form must be accompanied by a certified copy of plaintiff's prison trust account statement for the six-month period immediately preceding the filing of this action.

In addition, plaintiff has also requested appointment of counsel. (ECF No. 3.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent

indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. At the present time, there is no indication that plaintiff is unable to articulate his claims pro se as he has successfully filed a complaint with the court.  Additionally, as plaintiff's complaint has not yet been found to state cognizable claims, it is impossible for the court to determine if there is any likelihood of success on the merits at this point in time.  Accordingly, plaintiff's motion for appointment of counsel (ECF No. 3) will be denied without prejudice for its renewal at a later stage of the proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is denied without prejudice;
2. The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner for use in a civil rights action;
3. Plaintiff shall submit, within thirty days from the date of this order, a properly completed application to proceed in forma pauperis on the form provided with this order; plaintiff is cautioned that failure to comply with this order or seek an extension of time to do so will result in a recommendation that this action be dismissed without prejudice; and

4. Plaintiff's motion for the appointment of counsel (ECF No. 3) is denied without prejudice for its renewal at a later stage of the proceedings.

Dated: April 4, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/R/meri0520.3d+31