UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MERINO, | No. 2:22-cv-00520 DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| ST. JOAQUING GN HOSPITAL, | |
| Defendant. | |

Plaintiff, an inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated his First and Eighth Amendment rights in connection with the cancelation of plaintiff's mental health treatment group and his subsequent appeal of that cancellation. Presently before the court is plaintiff's complaint for screening. (ECF No. 1.) Additionally before the court are plaintiff's motions to proceed in forma pauperis (ECF Nos. 18, 21), plaintiff's motions for preliminary injunction/temporary restraining order ("TRO") (ECF Nos. 26, 27, 29), and plaintiff's motion to appoint counsel (ECF No. 11).

For the reasons set forth below, the complaint will be dismissed with the opportunity to file an amended complaint. Plaintiff's motion to proceed in forma pauperis will be granted and his motion to appoint counsel will be denied without prejudice. It will be recommended that plaintiff's motions for preliminary injunction and TRO be denied.

////

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 18.) Accordingly, plaintiff's request to proceed in forma pauperis will be granted. Plaintiff also submitted a second motion to proceed in forma pauperis (ECF No. 21) which makes the required showing. However, as plaintiff's initial motion will be granted, the second motion will be denied as moot.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

2

pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.  Allegations in the Complaint

Plaintiff indicates that at all relevant times plaintiff resided at Lancaster State Prison. (ECF No. 1 at 2.)  Plaintiff names San Joaquin General Hospital as the sole defendant in this action.[1]  (Id.)

The complaint contains the following allegations: plaintiff began experiencing right knee pain in February 2021.  (Id. at 4.)  "[I]t took several weeks for [plaintiff] to be checked."  (Id.) Plaintiff was prescribed pain medication "for a few months" but plaintiff experienced worsening pain.  (Id.)  An MRI was ordered and it was discovered plaintiff had a torn meniscus in his knee. (Id.)  Plaintiff received knee surgery but it was unsuccessful.  (Id.)  Plaintiff is now unable to walk but is unwilling to undergo further surgeries as his immune system cannot "resist another surgery."  (Id. at 4, 7.)

Plaintiff claims that defendant was deliberately indifferent to his medical needs as a result of a delay in providing an MRI and the "medical malpractice" in performing the surgery.  (Id.) Plaintiff seeks one million dollars ($1,000,000.00) in damages "for physical harm pain, emotional trauma, [and] stress caused for the medical malpractice of knee surgery."  (Id. at 5.)

## IV.  Does Plaintiff State a Claim under § 1983?

### A.  Improper Defendant

Plaintiff names only a single defendant: San Joaquin General Hospital.  (ECF No. 1 at 1.) Plaintiff may only bring claims under § 1983 against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  Plaintiff fails to establish that San Joaquin General Hospital is a government entity or officer or employee of such an entity.  As such, San Joaquin General Hospital is an improper defendant.  As this is the only defendant

---

[1] Plaintiff appears to have misspelled the name of San Joaquin General Hospital as "St. Joaquing General Hospital."  (See e.g., ECF No. 1 at 2.)  It seem plaintiff intended to name San Joaquin General Hospital as the defendant in his complaint.  As such, the defendant will be referred to as San Joaquin General Hospital for the remainder of this order and findings and recommendations.

4

named in plaintiff's complaint, the complaint (ECF No. 1) must be dismissed for failure to state a cognizable claim.

### B. Amending the Complaint

Plaintiff's complaint fails to identify a proper defendant for a claim brought under § 1983. However, as it is possible that plaintiff may be able to state a claim, he will be given the opportunity to file an amended complaint.

Plaintiff is advised that he must adhere to the following standards for stating claims for relief under § 1983:

- Plaintiff must clearly identify each defendant and describe just what that defendant did that violated his constitutional rights.
- Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).
- Plaintiff must make a short, plain statement of the facts supporting each claim. See Fed. R. Civ. P. 8(a).
- Plaintiff may allege multiple claims against a single defendant. Fed. R. Civ. P. 18(a). However, he may not bring a claim against one defendant in the same case as an unrelated claim against another defendant. Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).
- Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. In a civil rights case under

§ 1983, the relief available includes monetary damages and appropriate injunctive relief. Plaintiff may not seek release from custody in a § 1983 action.

- An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleadings are superseded.

- Plaintiff must exhaust his administrative remedies before filing suit. 42 U.S.C. § 1997e(a).

- The proper vehicle for seeking release from custody is a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Plaintiff is warned that he must exhaust his state court remedies before filing any habeas petition in this court. 28 U.S.C. § 2254(b). In addition, plaintiff is warned that there is a one-year statute of limitations for filing habeas corpus petitions in the federal court. 28 U.S.C. § 28 U.S.C. § 2254(d).

Additionally, plaintiff should carefully review the standards for each claim plaintiff seeks to raise. Plaintiff seeks to bring an Eighth Amendment deliberate indifference claim. However, as currently stated, the complaint does not appear to establish a cognizable claim as plaintiff has not alleged facts showing defendants acted with deliberate indifference. Below is a brief summary of the legal standards for such a claim:

- To state a medical claim under the Eighth Amendment, plaintiff must allege facts showing that he had a serious medical need and that a specific defendant or defendants acted with deliberate indifference to that need. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

- Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a

1 medical condition, without more, does not violate a prisoner's Eighth Amendment
2 rights.").

3 Finally, plaintiff is advised that by signing an amended complaint, he certifies he has
4 made reasonable inquiry and has evidentiary support for his allegations, and for violation of this
5 rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R.
6 Civ. P. 11.

## MOTIONS TO APPOINT COUNSEL

8 Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested
9 appointment of counsel.[2]  (ECF No. 11.)  Plaintiff requests counsel stating that "plaintiff is lame
10 at law" and must enlist the help of other inmates for his filings.  (Id. at 3.)  He also states that he
11 is disabled as he is blind in one eye and suffers from a "depression [and] stress disorder."  (Id.)
12 For these reasons he asks the court to appoint counsel to assist him in this action.  (Id.)

13 The United States Supreme Court has ruled that district courts lack authority to require
14 counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490
15 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the
16 voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d
17 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

18 The test for exceptional circumstances requires the court to evaluate the plaintiff's
19 likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in
20 light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,
21 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances
22 common to most prisoners, such as lack of legal education and limited law library access, do not
23 establish exceptional circumstances that would warrant a request for voluntary assistance of
24 counsel.

---

[2] It appears plaintiff intended to file the first two pages of this document in a separate case.  (See ECF No. 11 at 1-2.)  Plaintiff notes case number 2:21-cv-00572 in the heading of the document and these pages reference claims not previously raised in the present action.  (Id.)  As such, these first two pages will be disregarded as not relevant to this case or plaintiff's request counsel to be appointed.

In the present case, the court does not find the required exceptional circumstances exist. Plaintiff has not yet filed a complaint which has been found to state a cognizable claim on screening. As such, the court is unable to accurately evaluate the likelihood of his success on the merits. Further, plaintiff has so far been able to file motions with the court and respond to requests. Finally, the circumstances plaintiff describes regarding his knowledge of the law are common to most prisoners and do not establish the existence of exceptional circumstances.

Given the above, the court will find that the exceptional circumstances required to request voluntary assistance of counsel exist at the present time. As such, plaintiff's motion for appointment of counsel (ECF No. 11) will be denied without prejudice to its renewal at a later stage of these proceedings.

## MOTIONS FOR PRELIMINARY INJUNCTION/TRO

Plaintiff has submitted three separate motions for either preliminary injunction or TRO. (ECF Nos. 26, 27, 29.) Each of these requests is largely duplicative and states that plaintiff is suffering ongoing pain in his knee. In each request plaintiff seeks alternative treatment for his knee pain in the form of "better pain medication and a laying, to rest my knee in my cell." (ECF No. 27 at 1.) Plaintiff does state that prison medical staff have provided "layins and a walker, and pain treatment" but that plaintiff is still experiencing pain. (ECF No. 26 at 2.)

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing on the mere possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor, and (4) an injunction is in the public

8

1  interest. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter, 555
2  U.S. at 20). Further, an injunction against individuals not parties to an action is strongly
3  disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is
4  elementary that one is not bound by a judgment ... resulting from litigation in which he is not
5  designated as a party....").

6  Here, plaintiff's requests for injunctive requests that prison medical staff be ordered to
7  provide plaintiff with "better treatment" for his pain. (See ECF No. 26 at 2.) However, plaintiff
8  has not named any prison medical staff as defendants in this action. As such, injunctive relief
9  against any prison medical staff is strongly disfavored as they are not a party to this action. See
10 Zenith Radio Corp., 395 U.S. at 110. Additionally, plaintiff's motions do not address plaintiff's
11 likelihood to succeed on the merits. Regardless, plaintiff has not yet submitted a complaint which
12 has been found to state a cognizable claim on screening. As such, plaintiff's motions should be
13 denied as plaintiff has not shown that he is likely to succeed on the merits. See Stormans, 586
14 F.3d at 1127.

15 Accordingly, it will be recommended that plaintiff's motions for preliminary injunction
16 and temporary restraining order (ECF Nos. 26, 27, 29) be denied.

17 **CONCLUSION**

18 For the foregoing reasons, IT IS HEREBY ORDERED as follows:

19 1. Plaintiff's motion to proceed in forma pauperis (ECF No. 18) is granted.

20 2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff
21     is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §
22     1915(b)(1). All fees shall be collected and paid in accordance with this court's order
23     to the Director of the California Department of Corrections and Rehabilitation filed
24     concurrently herewith.

25 3. Plaintiff's second motion to proceed in forma pauperis (ECF No. 21) is denied as
26     moot.

27 4. Plaintiff's motion to appoint counsel (ECF No. 11) is denied without prejudice.

28 5. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

9

6. Within thirty (30) days of the date of this order, plaintiff shall file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

7. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

8. The Clerk of the Court is ordered to randomly assign a district judge to this action.

Further, IT IS RECOMMENDED that plaintiff's motions for temporary restraining order and preliminary injunction (ECF Nos. 26, 27, 29) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 20, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/meri0520.scrn_lta