1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FRANCISCO MERINO,                          No.  2:22-cv-00520 WBS DB P

12                  Plaintiff,

13          v.                                   ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14   ST. JOAQUING GN HOSPITAL,

15                  Defendant.

16

17          Plaintiff, an inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff

18   claims that his rights were violated in connection with surgery performed on his knee.  Presently

19   before the court is plaintiff's First Amended Complaint.  (ECF No. 34.)  Additionally, plaintiff's

20   motions for preliminary injunction/TRO are before the court.  (ECF Nos. 35, 38.)

21          For the reasons set forth below, the complaint will be dismissed with the opportunity to

22   file an amended complaint.  It will be recommended that plaintiff's motions for preliminary

23   injunction be denied.

24          As an initial matter, the court notes that plaintiff filed two documents entitled "First

25   Amended Complaint".  (See ECF No. 34, 36.)  These documents appear to be identical with the

26   exception that the first of these documents has a few additional exhibits attached.  As they are

27   otherwise identical, the court will disregard the second document (ECF No. 36) as duplicative and

28   the first document (ECF No. 34) will serve as the First Amended Complaint ("FAC").

1                                         **SCREENING**

2    **I.**       **Legal Standards**

3        The court is required to screen complaints brought by prisoners seeking relief against a

4 governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. §

5 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims

6 that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7 granted, or that seek monetary relief from a defendant who is immune from such relief. See 28

8 U.S.C. § 1915A(b)(1) & (2).

9        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11 Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

12 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

13 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

14 pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of

15 the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

16 showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

17 the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S.

18 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

19        However, in order to survive dismissal for failure to state a claim a complaint must

20 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

21 factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

22 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

23 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

24 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

25 doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26 ////

27 ////

28 ////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.    Allegations in the FAC

Plaintiff states that the alleged violation occurred at San Joaquin General Hospital.  (ECF No. 34 at 1.)  Plaintiff names as defendants Dr. Mijwa Yoon and Dr. William Holmes.  (Id. at 2.)

The FAC contains the following allegations: on October 28, 2021, plaintiff underwent surgery to repair a torn meniscus in his knee.  (Id. at 4.)  Defendants Yoon and Williams performed the surgery.  (Id. at 3.)  When plaintiff awoke, his knee caused him severe pain and left him "unable to walk right." (Id. at 4.)

Plaintiff claims that plaintiff was injured by defendants as a result of their "medical malpractice."  (Id. at 3.)  Plaintiff seeks relief in the form of one million dollars ($1,000,000) in monetary damages and injunctive relief ordering the treatment of his knee.  (Id. at 6.)

3

1    **IV.    Does Plaintiff State a Claim under § 1983?**

2         **A.  Legal Standards for Eighth Amendment Medical Needs Claim**

3         The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.

4    Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual

5    punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986);

6    Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

7    Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

8    and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited

9    by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

10        The deliberate indifference standard involves an objective and subjective prong.  First, the

11   alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer v. Brennan,

12   511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison

13   official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."

14   Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment

15   for denying humane conditions of confinement only if he knows that inmates face a substantial

16   risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-

17   45.

18        If a prisoner's Eighth Amendment claim arises in the context of medical care, including

19   mental health care, the prisoner must allege and prove "acts or omissions sufficiently harmful to

20   evidence deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth

21   Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and

22   the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059

23   (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th

24   Cir. 1997) (en banc).

25        A medical need is serious "if the failure to treat the prisoner's condition could result in

26   further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974

27   F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include

28   "the presence of a medical condition that significantly affects an individual's daily activities."  Id.

at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must show that prison officials responded to the serious medical need with deliberate indifference.  See Id. at 834.  In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful.  See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not

give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

### B. Analysis

The FAC fails to allege sufficient facts to state a cognizable Eighth Amendment medical needs claim.  Plaintiff's claim as stated in the FAC is that he was injured as a result of medical malpractice by the defendants.  As noted above, medical malpractice is insufficient to support a deliberate indifference claim.  Broughton, 622 F.2d at 460; see also Toguchi, 391 F.3d at 1057; McGuckin, 974 F.2d at 1059.  Plaintiff's claim that defendants were deliberately indifferent is solely based on what plaintiff believes to be defendants committing medical malpractice during surgery on the plaintiff.  (ECF No. 34 at 3.)  As such, the FAC fails to allege sufficient facts to establish defendants acted with deliberate indifference and thus fails to state a cognizable Eighth Amendment claim.

Accordingly, the court will dismiss the FAC.  However, the court notes that plaintiff does state in the complaint that he is "still suffering from pain" and seems to indicate he is unable to get medical treatment for the ongoing issues with his knee.[1]  (Id. at 5.)  Plaintiff has not included sufficient factual allegations to state a claim on these grounds but it is possible plaintiff could state additional factual allegations related to this claim in an amended complaint.  As plaintiff may still be able to state a claim for deliberate indifference related to his alleged ongoing inability to get treatment, plaintiff will be given leave to file an amended complaint.

### AMENDING THE COMPLAINT

This court finds above that plaintiff has failed to allege sufficient facts to state a claim. Plaintiff will be given leave to file an amended complaint.  If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above.  Any

////

---

[1] Plaintiff's requests for preliminary injunction (ECF Nos. 35, 38) also reference ongoing difficulties in obtaining treatment, though they also do not include detailed factual allegations which could establish a cognizable claim.

1  amended complaint must be complete in itself.  The court cannot refer to a prior complaint to
2  understand the plaintiff's claims.

3      In an amended complaint, plaintiff must clearly identify each defendant and the action that
4  defendant took that violated plaintiff's constitutional rights.  The court is not required to review
5  exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If
6  plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging
7  allegations must be set forth in the amended complaint, so defendants have fair notice of the
8  claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support
9  of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R.
10  Civ. P. 8(a).

11      Any amended complaint must show the federal court has jurisdiction, the action is brought
12  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must
13  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who
14  personally participated in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy,
15  588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a
16  constitutional right if he does an act, participates in another's act, or omits to perform an act he is
17  legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of
18  official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d
19  266, 268 (9th Cir. 1982) (citations omitted).

20      In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.
21  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.
22  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or
23  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

24      The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d
25  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any
26  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.
27  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be
28  set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)

1  ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus

2  litigation on the merits of a claim."); Fed. R. Civ. P. 8.

3      An amended complaint must be complete in itself, without reference to any prior pleading.

4  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

5  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

6  evidentiary support for his allegations, and for violation of this rule, the court may impose

7  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

8                    **MOTIONS FOR PRELIMINARY INJUNCTION/TRO**

9      Plaintiff has submitted two further motions for a preliminary injunction or TRO.  (ECF

10  Nos. 35, 38.)  Both are brief, one-page motions.  (Id.)  In the first, plaintiff claims that he is in

11  chronic pain and "want[s] to request again to rest his knee."[2]  (ECF No. 35 at 1.)  In the second,

12  plaintiff states that he is in pain and that he is not receiving "proper pain medication" for his knee.

13  (ECF No. 38 at 1.)

14      The legal principles applicable to requests for injunctive relief, such as a temporary

15  restraining order or preliminary injunction, are well established.  To prevail, the moving party

16  must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in

17  the absence of preliminary relief, that the balance of equities tips in his favor, and that an

18  injunction is in the public interest."  Winter v. Natural Res. Def. Council, 555 U.S. 7, 20, 129

19  S.Ct. 365, 172 L.Ed.2d 249 (2008).  To the extent prior Ninth Circuit cases suggest a lesser

20  standard by focusing on the mere possibility of irreparable harm, such cases are "no longer

21  controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d

22  1046,1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he

23  is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

24  injunction; (3) the balance of hardships tips in his favor, and (4) an injunction is in the public

25  _____

26  [2] Plaintiff's motion also claims that his prior motions for TRO were denied "due to the lack by
[plaintiff] of writing a perfect request."  (ECF No. 35 at 1.)  This is incorrect, plaintiff's prior

27  motions were denied as plaintiff did not meet the requirements for TRO to be granted.  (ECF No.
31 at 8-9.)  Specifically, plaintiff failed to show he was likely to succeed on the merits of his

28  claims.  (Id.)

interest.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter, 555 U.S. at 20).  Further, an injunction against individuals not parties to an action is strongly disfavored.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment ... resulting from litigation in which he is not designated as a party....").

Here, plaintiff's first motion for injunctive relief requests that he be given the opportunity to "rest [his] knee."  (See ECF No. 35 at 1.)  However, as was noted in plaintiff's prior motions, plaintiff has not named any prison medical staff as defendants in this action.  (See ECF No. 34.) As such, injunctive relief against any prison medical staff is strongly disfavored as they are not a party to this action.  See Zenith Radio Corp., 395 U.S. at 110.

Plaintiff's second motion requests relief from defendants Yoon and Holmes, who are not third parties.  However, neither of plaintiff's motions address plaintiff's likelihood to succeed on the merits.  As the court noted when considering plaintiff's prior motions, plaintiff has not yet submitted a complaint that has been found to state a cognizable claim.  Above, the court found that the current FAC fails to state a claim as medical malpractice cannot establish deliberate indifference by the defendants.  Plaintiff has not yet established that he has a cognizable claim, let alone that he could succeed on the merits of that claim.  As such, plaintiff's motions should be denied as plaintiff has not shown that he is likely to succeed on the merits.  See Stormans, 586 F.3d at 1127.

Accordingly, it will be recommended that plaintiff's motions for preliminary injunction and temporary restraining order (ECF No. 35, 38) be denied.

////

////

////

////

////

////

////

9

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1.   The document filed January 17, 2023 (ECF No. 36) is disregarded as duplicative of plaintiff's First Amended Complaint (ECF No. 34).

2.   Plaintiff's First Amended Complaint (ECF No. 34) is dismissed with leave to amend.

3.   Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."

4.   Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Further, IT IS RECOMMENDED that plaintiff's motions for a temporary restraining order and preliminary injunction (ECF No. 35, 38) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 3, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/meri0520.scrn_lta(2)