1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FRANCISCO MERINO,                          No.  2:22-cv-00520 WBS DB P

12                  Plaintiff,

13        v.                                     ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14   ST. JOAQUING GN. HOSPITAL, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims that his Eighth Amendment right against cruel and unusual

19   punishment was violated due to on-going issues with his knee, including an improperly

20   performed knee surgery and chronic pain.  Presently before the court is plaintiff's second

21   amended complaint (ECF No. 44), three motions for a preliminary injunction (ECF Nos. 40, 43,

22   46), a motion to appoint counsel and for an extension of time to file an amended complaint (ECF

23   No. 45), and a motion to continue (ECF No. 48).  For the reasons set forth below, the undersigned

24   will dismiss the second amended complaint ("SAC") with leave to amend; dismiss the motion to

25   appoint counsel and for an extension of time; dismiss the motion to continue; and recommend that

26   plaintiff's motions for a preliminary injunction be denied.

27   ////

28   ////

                                                1

1

**SCREENING**

2

I.    **Legal Standards**

3

The court is required to screen complaints brought by prisoners seeking relief against a

4

governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. §

5

1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims

6

that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7

granted, or that seek monetary relief from a defendant who is immune from such relief. See 28

8

U.S.C. § 1915A(b)(1) & (2).

9

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th

11

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

12

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

13

490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

14

pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

15

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

16

statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

17

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

18

Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

19

However, in order to survive dismissal for failure to state a claim a complaint must

20

contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

21

factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550

22

U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

23

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

24

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

25

doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26

////

27

////

28

////

1    The Civil Rights Act under which this action was filed provides as follows:

2           Every person who, under color of [state law] . . . subjects, or causes
      to be subjected, any citizen of the United States . . . to the deprivation
3     of any rights, privileges, or immunities secured by the Constitution .
      . . shall be liable to the party injured in an action at law, suit in equity,
4     or other proper proceeding for redress.

5    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

6    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

7    Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

8    (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

9    meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

10   omits to perform an act which he is legally required to do that causes the deprivation of which

11   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12          Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

13   their employees under a theory of respondeat superior and, therefore, when a named defendant

14   holds a supervisorial position, the causal link between him and the claimed constitutional

15   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

16   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

17   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

18   Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

19   **II.     Allegations in the Complaint**

20          Plaintiff states that at all relevant times he was incarcerated at California State Prison,

21   Sacramento ("CSP-SAC") and California State Prison, Los Angeles County ("CSP-LAC").  (ECF

22   No. 44 at 1, 3–4.)  Plaintiff names as defendants Dr. Mijwa Yoon and Dr. William Holmes,

23   physicians at San Joaquin General Hospital.  (Id. at 2.)

24          According to the SAC, plaintiff began to experience pain in his right knee in February

25   2021,[1] but several months passed before his doctor ordered an MRI and before defendants

26   performed surgery.  (Id. at 3.)  The surgery took place on October 28, 2021 at San Joaquin

27   _____

28   [1] Although the complaint identifies CSP-SAC as the institution where the alleged violations took
     place, plaintiff's allegations do not specifically state where he was incarcerated in February 2021
     or in the months leading up to his surgery.  (ECF No. 44 at 1, 3.)

1    General Hospital.  (Id.)  Plaintiff states that since the surgery, he has experienced increased,

2    chronic pain in his right knee, which he attributes to "medical malpractice" by defendants.  (Id. at

3    3, 5.)

4         Additionally, the complaint states that defendants did not provide him with proper pain

5    medication after the surgery.  (Id. at 5.)  It also alleges that plaintiff's doctor at his current facility,

6    CSP-LAC, has failed to provide him with proper pain medication for his chronic pain.  (Id. at 4.)

7    He claims that, due to the pain, he cannot move his right knee.  (Id.)

8    **III.    Does Plaintiff State a Claim under § 1983?**

9         **A.  Legal Standard – Eighth Amendment Medical Needs Claim**

10        The Eighth Amendment prohibits "cruel and unusual punishments."  Farmer v. Brennan,

11   511 U.S. 825, 832 (1994).  Where a prisoner's Eighth Amendment claim arises in the context of

12   medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to

13   evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106

14   (1976).  An Eighth Amendment medical claim has two elements: "the seriousness of the

15   prisoner's medical need and the nature of the defendant's response to that need."  McGuckin v.

16   Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v.

17   Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

18        A serious medical need exists if the failure to treat the condition could result in further

19   significant injury or the unnecessary and wanton infliction of pain.  Jett v. Penner, 439 F.3d 1091,

20   1096 (9th Cir. 2006).  To act with deliberate indifference, a prison official "must both be aware of

21   facts from which the inference could be drawn that a substantial risk of serious harm exists, and

22   he must also draw the inference."  Farmer, 511 U.S. at 837.  Thus, a defendant is liable if he

23   knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to

24   take reasonable measures to abate it."  Id. at 847.  "It is enough that the official acted or failed to

25   act despite his knowledge of a substantial risk of harm."  Id. at 842.

26        To this end, "the indifference to [a prisoner's] medical needs must be substantial.  Mere

27   'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

28   Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at

105–06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Similarly, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

"Indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'"  Jett, 439 F.3d at 1096 (quoting Estelle, 429 U.S. at 1059).  To establish a claim of deliberate indifference arising from a delay in providing care, a plaintiff must show that the delay was harmful.  See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs."  Jett, 439 F.3d at 1096; see also McGuckin, 974 F.2d at 1060.

**B.  Analysis**

The complaint does not state a cognizable Eighth Amendment claim.  Plaintiff's proposed Eighth Amendment claim appears to be based on three events: (1) the eight-month delay in providing the surgery; (2) the manner in which the surgery was performed; and (3) the treatment of his pain after the surgery.

Regarding the alleged treatment delay, the SAC alleges that plaintiff's prison doctor delayed scheduling an MRI after he first complained of knee pain in February 2021.  (ECF No. 44 at 3.)  However, plaintiff has not named this doctor as a defendant.  He has also not stated any factual allegations linking defendants to the alleged delay in scheduling the surgery.  Jett, 439 F.3d at 1096.

1    As for the surgery, plaintiff alleges only that it "was not well performed" (ECF No. 44 at

2    5) and that defendants' actions amounted to "medical malpractice."  (Id. at 3.)  Medical

3    malpractice does not give rise to an Eighth Amendment violation.  Broughton, 622 F.2d at 460.

4    Plaintiff has not pleaded sufficient facts to establish that defendants consciously ignored a

5    substantial risk of serious harm to plaintiff when performing the surgery.  Farmer, 511 U.S. at

6    847.

7    Finally, the SAC does not describe what treatment, if any, defendants prescribed after the

8    surgery or why it was inadequate.  (Id. at 5.)  Plaintiff states that his current doctor has failed to

9    properly treat his chronic pain since the surgery, but he has not named his doctor as a defendant

10   or explained why his prescribed treatment is inadequate.  (Id. at 4.)

11   Accordingly, plaintiff has failed to state a cognizable Eighth Amendment claim.  The

12   court will give plaintiff a final opportunity to plead a cognizable claim by granting him leave to

13   file a third amended complaint.

## AMENDING THE COMPLAINT

14

15   For the reasons stated above, the SAC does not state a cognizable Eighth Amendment

16   claim.  Plaintiff will be granted leave to file a third amended complaint.  Should the third

17   amended complaint fail to state any cognizable claim, plaintiff will not be afforded any further

18   opportunities to amend his pleading.

19   Plaintiff is advised that in an amended complaint he must clearly identify each defendant

20   and the action that defendant took that violated his constitutional rights.  The court is not required

21   to review exhibits to determine what plaintiff's charging allegations are as to each named

22   defendant.  The charging allegations must be set forth in the amended complaint, so defendants

23   have fair notice of plaintiff's claims.  That said, plaintiff need not provide every detailed fact in

24   support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See

25   Fed. R. Civ. P. 8(a).

26   Any amended complaint must show the federal court has jurisdiction, the action is brought

27   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

28   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

1    personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

2    <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

3    of a constitutional right if he does an act, participates in another's act or omits to perform an act

4    he is legally required to do that causes the alleged deprivation).

5        In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

6    R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

7    R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

8    occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

9        The federal rules contemplate brevity.  <u>See</u> <u>Galbraith v. County of Santa Clara</u>, 307 F.3d

10   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

11   heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

12   84; <u>cf.</u> Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

13   set forth in short and plain terms, simply, concisely and directly.  <u>See</u> <u>Swierkiewicz v. Sorema</u>

14   <u>N.A.</u>, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

15   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

16       An amended complaint must be complete in itself without reference to any prior pleading.

17   E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.

18   Any amended complaint should contain all of the allegations related to his claim in this action.  If

19   plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended

20   complaint.

21       By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

22   has evidentiary support for his allegations, and for violation of this rule the court may impose

23   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

24                          **MOTIONS FOR PRELIMINARY INJUCTION**

25       Plaintiff has filed three motions seeking a preliminary injunction.  (ECF Nos. 40, 43, 46).

26   He asserts that he is not receiving adequate treatment for his knee pain and that he is experiencing

27   difficulty walking due to the pain.  (<u>Id.</u>)  Although he seeks a preliminary injunction against his

28   ////

                                                    7

1  primary care physician, Dr. Kalinjian, he does not identify a specific action he would like the

2  court to direct Dr. Kalinjian to take.  (See ECF No. 43 at 3.)

3       To prevail on a motion for a preliminary injunction, the moving party must show that "he

4  is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

5  preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

6  public interest."  Winter v. Natural Res. Def. Council, 555 U.S. 7, 20, 129 S. Ct. 365, 172

7  L.Ed.2d 249 (2008).  "Under Federal Rule of Civil Procedure 65(d), an injunction binds only 'the

8  parties to the action, their officers, agents, servants, employees, and attorneys, and . . . those

9  persons in active concert or participation with them who receive actual notice of the order . . .'".

10  Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983) (quoting Fed. R. Civ. P. 65(d)(2)).

11       As discussed above, the SAC does not state a cognizable claim and plaintiff will be

12  granted leave to file a third amended complaint.  As such, there is no operative complaint in this

13  case and plaintiff's motions for preliminary injunction are premature.  See Andrews v. United

14  States, No. 1:22-cv-01290 ADA CDB (PC), 2023 WL 4637100, at *2 (E.D. Cal. Jul. 20, 2023);

15  see also Silva v. G.E. Money Bank, 449 F. App'x 641, 645 (9th Cir. 2011); Springfield v.

16  Hudson, No. 2:22-cv-0328 DAD CKD P, 2023 WL 1767712, at *1 (E.D. Cal. Feb. 3, 2023) ("A

17  motion for preliminary injunction is rendered moot by the dismissal of the complaint.").

18       Further, plaintiff has not named Dr. Kalinjian as a defendant and plaintiff has not offered

19  any evidence that he is an officer, agent, servant, employee, or attorney of defendants or is "in

20  active concert or participation with" them.  Fed. R. Civ. P. 65(d)(2)(B), (C).  The court therefore

21  cannot issue a temporary restraining order or preliminary injunction against him.  Zepeda, 753

22  F.2d at 727.

23       Plaintiff is warned that he cannot continue requesting injunctive relief in this case without

24  consequences.  Since he filed his original complaint, plaintiff has filed eight motions seeking a

25  temporary restraining order or preliminary injunction.  (ECF Nos. 26, 27, 29, 35, 38, 40, 43, 46.)

26  None of those motions has been successful and plaintiff has repeated the same requests for relief

27  multiple times.  Under Federal Rule of Civil Procedure 11(b), a prisoner's claims are considered

28  frivolous if they "merely repeat[] pending or previously litigated claims."  Cato v. United States,

8

70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir.1988)).  Sanctions for violation of Rule 11(b) may include dismissal of the plaintiff's case. See Bell v. Harrington, No. 1:12-cv-0349 LJO GBC (PC), 2012 WL 893815, *9 (E.D. Cal. Mar. 15, 2012).  Plaintiff is advised that further motions for injunctive relief directed to nonparties could result in a recommendation that this action be dismissed.

For these reasons, the undersigned recommends that plaintiff's motions for preliminary injunction (ECF No. 40, 43, 46) be denied as moot.

## MOTION TO APPOINT COUNSEL AND FOR AN EXTENSION OF TIME

Plaintiff filed a motion to appoint counsel and for an extension of time to file an amended complaint.  (ECF No. 45.)  For the reasons stated below, the undersigned will deny the motion.

### I.     Request for Counsel

This is plaintiff's third request to appoint counsel.  (See ECF Nos. 3, 11, 45.)  In it, he states that he would like the court to appoint counsel to help him "understand the English that the Court use in every paper it send to me."  (ECF No. 45.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335–36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff's motion to appoint counsel does not demonstrate the necessary exceptional circumstances.  As an initial matter, it is not clear what plaintiff means when he states that he

9

1    requires counsel to "understand the English that the Court use[s]."  Absent additional information

2    about this issue, the court cannot assess whether these grounds constitute an exceptional

3    circumstance.  Moreover, the SAC does not state a cognizable claim, and the court therefore

4    cannot determine plaintiff's likelihood of success on the merits.  Plaintiff has also made multiple

5    filings in this case, including eight motions for a temporary restraining order or preliminary

6    injunction, a memorandum in support of these requests, three motions to appoint counsel, a

7    motion to continue, and an update regarding his chronic pain.  (ECF Nos. 3, 11, 26, 27, 29, 35,

8    38, 40, 43, 46, 47, 48, 49.)  These filings indicate plaintiff's ability to file motions and articulate

9    the issues giving rise to this action.

10         Accordingly, the court denies plaintiff's request to appoint counsel.  (ECF No. 45.)

11   **II.     Request for an Extension of Time**

12         Plaintiff also requests a thirty-day extension of time to re-file the amended complaint.  He

13   states that he would like "to look for a jail lawer [sic] to help [him] re-file the amended

14   complaint." (ECF No. 45.)  Plaintiff made the request on June 6, 2023, approximately six weeks

15   after he filed the SAC.  (See ECF No. 44 at 7.)

16         Under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend his

17   pleading once as a matter of course no later than twenty-one days after serving it, or twenty-one

18   days after service of an answer or a motion made under Rule 12(b), (e), or (f).  See Fed. R. Civ. P.

19   15(a)(1).  After this period, he may only amend his complaint with "the opposing party's written

20   consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

21         Here, at the time that plaintiff made his request, the court had dismissed plaintiff's first

22   amended complaint with leave to amend and there was no operative complaint in the case.  (See

23   ECF No. 41.)  Consequently, no complaint has been served on defendants and plaintiff was not

24   required to comply with Rule 15(a), because its deadlines apply only after a pleading has been

25   served.  See Fed. R. Civ. P. 15(a)(1).  He did not require the court's permission to amend his

26   complaint.  See id.

27   ////

28   ////

10

As discussed above, the SAC does not state a cognizable claim and plaintiff will be granted leave to file a third amended complaint. Therefore, his request for an extension of time to file an amended complaint is denied.

### MOTION TO CONTINUE

On November 2, 2023, plaintiff requested a "continuance of hearings." (ECF No. 48.) He states that defendants did not respond to his claim and that they had waived service of process. (Id.) His request further states: "I didn't went so far litigating this case (claim). I never knew of defendant's [sic] opposition or any other paper work from them." (Id.)

It is not clear what action plaintiff is asking the court to take. However, plaintiff is advised that defendants have not been served in this matter. As the court explained in its previous screening orders, the court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. (ECF No. 31 at 2; ECF No. 41 at 2.) See 28 U.S.C. § 1915A(a). Upon screening plaintiff's original complaint and his first amended complaint, the court determined that they did not state a cognizable claim and dismissed them with leave to amend. (ECF Nos. 31, 41.) See 28 U.S.C. § 1915A(b). Because they were dismissed, they were not served on defendants. See id. Above, the court determined that plaintiff's SAC does not state a cognizable claim. See id. It will therefore dismiss the SAC with leave to amend and will not order that it be served on defendants. See id.

There are also no hearings scheduled in this action. Under the local rules, motions filed in pro se prisoner cases are submitted on the record without oral argument, unless otherwise ordered by the court. See E.D. Cal. Loc. R. 230(l).

Accordingly, plaintiff's motion to continue is denied.

### CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint (ECF No. 44) is dismissed with leave to amend.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint

1   must bear the docket number assigned to this case and must be labeled "Third

2   Amended Complaint."

3   3.   Failure to comply with this order will result in a recommendation that this action be

4   dismissed.

5   4.   Plaintiff's motion to appoint counsel and for an extension of time to file an amended

6   complaint (ECF No. 45) is denied.

7   5.   Plaintiff's motion to continue (ECF No. 48) is denied.

8   IT IS RECOMMENDED that plaintiff's motions for a preliminary injunction (ECF Nos.

9   40, 43, 46) be denied.

10   These findings and recommendations are submitted to the United States Magistrate Judge

11   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty days

12   after being served these findings and recommendations, plaintiff may file written objections with

13   the court and serve a copy on all parties.  Such a document should be captioned "Objections to

14   Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

15   objections within the specified time may waive the right to appeal the District Court's order.

16   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17

18   Dated:  November 29, 2023

19

20

21

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

22   DB:15
     DB/DB Prisoner Inbox/Civil Rights/S/meri0520.scrn

23

24

25

26

27

28

12