UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MERINO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>St. JOAQUING GN HOSPITAL,<br><br>　　　　Defendant. | No. 2:22-cv-0520 WBS DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, proceeds pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff's third amended complaint ("3AC") is before the court for screening. (ECF No. 59.) For the reasons set forth below, the 3AC fails to state a claim and should be dismissed without further leave to amend. Because the 3AC should be dismissed, plaintiff's request for preliminary injunctive relief (ECF No. 63) should be denied.

**I.　　Screening Requirement and Pleading Standard**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that... the action or appeal... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id.

### II.  Allegations in the 3AC

Plaintiff seeks damages for alleged improper medical care while he was in custody at Folsom State Prison and Lancaster State Prison. (ECF No. 59.) In February 2021, at Folsom State Prison, plaintiff began to suffer severe knee pain in the right knee. (Id. at 2.) Dr. Arya ordered an MRI and determined plaintiff needed surgery. (Id. at 2.) A few months went by before Dr. Arya ordered the MRI and between the MRI and the surgery. (Id. at 2.) The delay was the fault of Dr. Arya. (Id. at 2, 6.)

Plaintiff was taken to the hospital for surgery and back to the prison the same day. (ECF No. 59 at 2.) Dr. Mijwa and Dr. Holmes negligently performed the knee surgery (Id. at 5.) The surgery resulted in "further significant injury and more severe chronic pain" for which plaintiff did not receive proper pain medication. (Id. at 2.)

Plaintiff is still suffering severe right knee pain and not getting proper pain medication. (Id. at 4.) Plaintiff's current doctor at Lancaster State Prison, Dr. Hernandez, does not want to prescribe the proper medication that would stop plaintiff's pain. (Id. at 5.) Instead, Dr. Hernandez prescribes Tylenol which does not stop the strong pain in plaintiff's right knee. (Id. at 4.)

### III.  The 3AC Fails to State a Claim

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) a right secured by the Constitution or laws of the United States was violated and (2) the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

////

The 3AC seeks to hold individual doctors liable under the Eighth Amendment for deliberate indifference to plaintiff's serious medical needs. However, the 3AC relies on legal conclusions and does not set forth the necessary factual allegations to support those legal conclusions. It therefore fails to state a cognizable claim.

A prisoner seeking relief for an Eighth Amendment violation must show the defendant acted with deliberate indifference to a threat of serious harm or injury to an inmate. Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002). Pertinent here, plaintiff must allege facts showing he had a serious medical need and a specific defendant or defendants acted with deliberate indifference to that need. Estelle v. Gamble, 429 U.S. 97, 106 (1976); see Farmer v. Brennan, 511 U.S. 825, 837 (1994) (a defendant is liable for deliberate indifference if the official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it").

As plaintiff was previously advised, allegations that the defendants were negligent, indifferent, and that they committed medical malpractice do not suffice to state a deliberate indifference claim. See Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). Thus, no claim is stated based on allegations that Dr. Mijwa and Dr. Holmes negligently performed plaintiff's knee surgery.

Plaintiff also fails to state a claim based on an alleged delay prior to receiving the knee surgery. Plaintiff alleges Dr. Arya is responsible for the delay but pleads no further facts about the delay or how Dr. Arya's acts or omissions caused or contributed to the delay. Merely stating a harmful delay occurred due to the fault of Dr. Arya does not suffice to state a claim. See Iqbal, 556 U.S. at 678 (a pleading requires more than an "unadorned, the-defendant-unlawfully-harmed-me accusation"); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994) (to establish a claim of deliberate indifference arising from a delay in providing care, a plaintiff must show that the delay was harmful).

Finally, even assuming the existence of a serious medical need, plaintiff's allegations do not state a claim that Dr. Hernandez has delayed or denied plaintiff pain medication in deliberate

3

indifference to plaintiff's need. Plaintiff acknowledges he receives pain medication but disagrees with the doctor's assessment of the proper pain medication. Plaintiff's disagreement with Dr. Hernandez about the appropriate pain medication, without more, is not sufficient to state a claim for deliberate indifference. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) ("A difference of opinion does not amount to a deliberate indifference to… serious medical needs."). Plaintiff fails to allege sufficient facts to state a claim that Dr. Hernandez has acted with deliberate indifference to plaintiff's serious medical needs in prescribing Tylenol instead of a stronger pain medication.

### IV. Plaintiff's Motions

Plaintiff has requested a court order requiring CDCR staff to provide him with proper medication for his severe chronic pain. (ECF No. 63.) This request for preliminary injunctive relief should be denied. Since plaintiff has not stated a cognizable claim, plaintiff cannot show a likelihood of success on the merits as is necessary for preliminary injunctive relief to issue. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008)).

Plaintiff also filed two requests for clarification about filing fees. (ECF No. 58, 61.) These requests are granted. There are no fees associated with filing an amended complaint.

### V. Conclusion, Order, and Recommendation

Plaintiff was previously advised of the requirement to allege facts showing how each individual defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff was also previously advised that legal conclusions and conclusory factual allegations do not suffice to state a claim. It therefore appears the complaint's deficiencies cannot be cured by further amendment. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). On this basis, leave to amend should be denied at this time. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). If plaintiff believes plaintiff can allege further facts to state a cognizable claim, plaintiff shall include those facts in any objections to these findings and recommendations.

4

In accordance with the above, IT IS ORDERED that plaintiff's requests for clarification (ECF Nos. 58, 61) are granted as set forth.

In addition, IT IS RECOMMENDED as follows:

1. Plaintiff's third amended complaint (ECF No. 59) be dismissed without further leave to amend for failure to state a claim;

2. Plaintiff's request for preliminary injunctive relief (ECF No. 63) be denied; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 13, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
meri0520.scrn3ac.fr