UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MERINO,<br><br>    Plaintiff,<br><br>  v.<br><br>ST. JOAQUING GN HOSPITAL,<br><br>    Defendant. | No. 2:22-cv-00520 WBS SCR<br><br><br>ORDER |

  Plaintiff is a state prisoner who has filed a "motion to reopen" his civil rights action. (ECF No. 81.) The court construes the filing as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). For the reasons stated below, the motion is denied.

### PROCEDURAL BACKGROUND

  Plaintiff's civil rights action concerned alleged improper medical care while he was in custody at Folsom State Prison and Lancaster State Prison. (See ECF No. 59.) On March 13, 2024, Judge Barnes, the previously assigned magistrate judge issued a screening order recommending that plaintiff's third amended complaint ("TAC") be dismissed without leave to amend because of plaintiff's repeated failure, after multiple warnings, to allege facts showing how each individual defendant personally participated in the deprivation of rights. (ECF No. 66.)

  Plaintiff then filed several documents titled "Supplemental Complaint" (ECF Nos. 68, 69,

1

70, 71, 72, 73) that the undersigned construed as objections to the findings and recommendations. (See ECF No. 74.)  After reviewing the file, the undersigned adopted the findings and recommendations in full and issued judgment against plaintiff.  (ECF Nos. 74 and 75.)

Plaintiff filed his "motion to reopen" the case on July 15, 2024.  (ECF No. 81.)  In his motion, plaintiff claims that he never received the findings and recommendations (ECF No. 66) and filed the "Supplemental Complaints" not knowing that the court was expecting objections from him.  (Id.)  He requests that the court reopen his case "so I can answer future letters and motions[.]"  (Id.)  Plaintiff subsequently appealed the dismissal of the action to the Ninth Circuit. (ECF No. 83.)  The Ninth Circuit dismissed the appeal for lack of jurisdiction.  (ECF No. 91.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b) provides relief from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A Rule 60(b) motion lies within the discretion of the court.  Because such motions undo a final judgment, relief under Rule 60(b) is limited and granted sparingly in extraordinary circumstances.  See Navajo Nation v. Dep't of the Interior, 876 F.3d 1144, 1173 (9th Cir. 2017).

////

////

2

**DISCUSSION**

Plaintiff appears to request relief from judgment based on excusable neglect. A judge of this court recently applied the four-factor test from Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380 (1993) to determine whether a plaintiff's failure to timely object to a magistrate judge's findings and recommendations constitutes excusable neglect. See Spearman v. Hillberg, No. 2:23-cv-0093-DJC-DMC, 2025 WL 535604, at *1 (E.D. Cal. Feb. 18, 2025). Under Pioneer, courts consider "(1) the danger of prejudice to the defendant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the plaintiff, and (4) whether the plaintiff acted in good faith." Pioneer, 507 U.S. at 395. This is an equitable test that considers "all relevant circumstances surrounding the party's omission." (Id.) "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect ...." (Id. at 392.)

Here, there is a risk of prejudice to the defendant given the passage of time since plaintiff initiated the action. Because the case has not passed the screening stage due to plaintiff's repeated failure to state a claim upon which relief can be granted, "defendant may well be unaware of the existence of this suit, and accordingly unable to preserve evidence and witnesses necessary for its defense." See Spearman, 2025 WL 535604 at *1. Plaintiff's four-month delay in seeking relief also weighs against granting the motion. Instead of seeking to reopen the case, plaintiff spent that period filing medical updates with the court. (See ECF Nos. 76 and 77.) On May 21, 2024, Judge Barnes issued an order advising plaintiff that any documents filed since the date the case was closed would be disregarded. (ECF No. 78.)

The third and fourth factors favor plaintiff. The docket lends support to plaintiff's claim that he did not receive the magistrate judge's findings and recommendations. A docket entry dated April 11, 2024, states that the findings and recommendations (ECF No. 66) were returned as "undeliverable, inmate refused," and there is no indication that the document was re-served. Plaintiff disputes ever receiving this mail (see ECF No. 81 at 1), and the court will give plaintiff he benefit of the doubt and accept that representation. The undersigned adopted the findings and recommendations later that month (on April 29, 2024), ending the case. (ECF No. 74.) However,

3

1  the docket does not reflect any issues serving plaintiff with the order adopting the findings and
2  recommendations or Judge Barnes' subsequent order advising plaintiff to stop filing documents
3  (ECF No. 78).
4      While the Pioneer factors are arguably neutral, the undersigned is still inclined to deny the
5  motion because plaintiff has had more than adequate opportunity to be heard.  As discussed
6  above, the magistrate judge gave plaintiff no fewer than three opportunities to amend his
7  complaint.  Even if plaintiff did not receive the findings and recommendations, he still filed six
8  "Supplemental Complaints" (ECF Nos. 68, 69, 70, 71, 72, 73) that the undersigned reviewed
9  before dismissing the case.  The court also denied nine separate preliminary injunction and
10 temporary restraining order motions filed by plaintiff during the action.  (See ECF Nos. 26, 27,
11 29, 35, 38, 40, 43, 46, 63.)  Finally, plaintiff seeks to reopen the case "so I can answer future
12 letters and motions" (ECF No. 81 at 1), not to voice specific objections to Judge Barnes' findings
13 and recommendations.  Even if plaintiff has demonstrated excusable neglect in missing the
14 deadline to object, the undersigned is not inclined to reopen the case where plaintiff has not
15 specifically requested leave to file those objections.

### CONCLUSION

17 Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Relief of Judgment
18 pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 81) is denied.  This action shall
19 remain closed.
20 Dated:  March 7, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE